IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD M. SEVERY,

    Petitioner,

v.

OREGON BOARD OF PAROLE AND
POST-PRISON SUPERVISION,

    Respondent.

Case No. 6:16-cv-01482-MO

OPINION AND ORDER

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

MOSMAN, District Judge.

Petitioner brings this 28 U.S.C. § 2254 habeas corpus case challenging a July 2011 decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") setting his prison term at 448 months. Because petitioner failed to fairly present his due process claims to Oregon's state courts, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

In 1985, a jury convicted petitioner of two counts of Aggravated Murder and one count of Arson in the First Degree. The trial court imposed two consecutive terms of life imprisonment with 30-year minimums on the Aggravated Murder convictions, and a consecutive 10-year sentence on the Arson conviction. Respondent's Exhibit 113, p. 3.

In 2004, the Board held a murder review hearing for petitioner where it concluded that he was likely to be rehabilitated within a reasonable time and therefore converted one of his Aggravated Murder sentences to be "life in prison with the possibility of parole or work release." *Id* at 5. During petitioner's subsequent judicial review of the Board's actions, the Oregon Supreme Court determined that the Board should have altered both of his Aggravated Murder sentences to life with the possibility of parole or work release. *Id.* As a result, it remanded petitioner's case for further proceedings consistent with its decision.

On July 27, 2011, the Board held the prison term hearing that is the subject of this habeas corpus case. It set petitioner's prison term at 448 months, and established a projected release date of February 3, 2022. *Id* at 35-36. Petitioner sought administrative review of that decision, but the Board affirmed its July 27, 2011 Board Action Form. Petitioner availed himself of his judicial review remedies, but the Oregon Court of Appeals denied relief in a written opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 113, 116.

Petitioner filed this 28 U.S.C. § 2254 habeas corpus challenge on July 21, 2016. He seeks relief from the Board's July 27, 2011 decision based upon the following grounds for relief:

> 1. Violated petitioner's 5th & 14th Amendments, failing to follow ORS 163.105(2), once determined capable of rehabilitation in 2004. A matrix range should have been set.
> **Supporting Facts**: Unanimous decision by Parole Board should have released inmate according to OAR 255-032-0011(8): "The decision for the Board shall be whether there are significant signs of reformation & rehabilitation such that the offender does not represent a risk to the community."
>
> 2. In 2010, the Supreme Court agreed with petitioner that finding applies for combined sentences, Judge Gillette of the Supreme Court, quoted 222-280 matrix range.
> **Supporting Facts**: After 6 years of appeal process to the Supreme Court, the Supreme Court of Oregon. Judge Gillette quotes petitioner's matrix range of 222-280 months. No Oregon law allowed the board to conduct a second illegal "prison term hearing" on July 27, 2011, for any reason.

3 - OPINION AND ORDER

> 3. The Board of Parole lacked any authority of legal jurisdiction over petitioner in 2011.
> **Supporting Facts:** The Board conducted an illegal second "prison term hearing" where they increased petitioner's crime category, plus added an aggravating factor. The Board of Parole knowingly stuck petitioner in a procedural legal loop without hope of relief even after a Supreme Court ruling supported constitutional rights of petitioner.
>
> 4. From Supreme Court, petitioner exhausted his 280 maximum matrix range sentence. In Feb. 5 2008, entitled petitioner to immediate release.
> **Supporting Facts:** Petitioner has served 6 years past the maximum combined unitary term of imprisonment. The Parole and matrix statutes provided the Board with no authority to continue to imprison an inmate after the expiration of the parole matrix range.

Petition (#2), pp. 6-7.

Respondent asks the court deny relief on the Petition because: (1) three of petitioner's four grounds for relief do not state a federal claim and are therefore not cognizable in this proceeding; and (2) petitioner failed to fairly present any federal issue to Oregon's state courts, leaving all of his claims procedurally defaulted.

## DISCUSSION

### I. Sufficiency of Petitioner's Grounds for Relief

Respondent contends that although petitioner cites the Fifth and Fourteenth Amendments as part of his Ground One claim, Grounds Two, Three, and Four do not specify how the Board's actions violated any federal law and therefore provide no basis for federal habeas corpus relief. Petitioner counters that Ground

4 - OPINION AND ORDER

Three, if construed liberally, sets forth a due process claim that the Board had no authority to act as it did in the 2011 prison term hearing. He argues that because he filed the pleading *pro se*, the court is obligated to give it a liberal construction.

One month after petitioner filed this case, the court appointed the Federal Public Defender to represent him precisely to avoid confusion on such matters. Where petitioner enjoyed the benefit of appointed counsel almost from the inception of this case, it is doubtful that he is entitled to the liberal construction he seeks.[1] The court nevertheless reads the Petition's grounds for relief together as a due process claim containing a variety of sub-parts. Read in this way, the Petition contains the claims petitioner's attorney argues in the supporting memorandum, namely, that the Board's decision violated due process because it was arbitrary and because it was undertaken without valid authorization or authority.

## II. Exhaustion and Procedural Default

Having determined that petitioner's argued claims are sufficiently pled, the court next turns to whether he adequately preserved those claims during his state court proceedings. A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider

---

[1] It is not clear why counsel did not file an amended petition so as to clearly state the claims he now argues.

the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Respondent asserts that even if petitioner asserts a federal claim in this habeas corpus proceeding, he failed to present any federal claim to Oregon's courts during his judicial appeal. A review of the record reveals that petitioner raised a due process claim in his Appellant's Brief: "Even if the board had jurisdiction and authority to conduct a 'prison term hearing' in 2011, the board erred when it violated petitioner's rights to due process to be free from ad hoc, arbitrary, and capricious actions by the board." Respondent's Exhibit 104, p. 41. He claimed that the Board "deprived petitioner of due process, which required petitioner have a meaningful opportunity to challenge the proposed findings." *Id* at 43. Not only does the Oregon Constitution not contain a due process clause, *State v. Miller*, 327 Or. 622, 635 n. 10 (1998), but petitioner also cited to *Cole v. DMV*, 336 Or. 565 (2004), a case which engaged in a detailed Fourteenth Amendment discussion in the context of a driver's license suspension hearing. *Id*. This was sufficient to alert the Oregon Court of Appeals to the need to adjudicate a federal due process claim.[2]

In his Petition for Review, however, petitioner omitted any mention of due process, no longer argued that the Board's decision was arbitrary, and did not cite to the *Cole* case. Respondent's Exhibit 116. Nowhere in his Petition for Review did

---

[2] The court notes that petitioner's due process challenge in the Oregon Court of Appeals did not pertain to the Board's alleged lack of jurisdiction.

7 - OPINION AND ORDER

he cite to any federal law. He therefore failed to fairly present any due process claim to Oregon's state courts. Because the time for doing so passed long ago, petitioner's due process claim is procedurally defaulted, and he has not attempted to excuse the default.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 16 day of August, 2017.

Michael W. Mosman
United States District Judge